**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Misty Wesberry NUNEZ, Appellee.**

**No. 2–96–255–CV.**

Court of Appeals of Texas, Fort Worth.

Sept. 18, 1997.

Publication Ordered Oct. 30, 1997.

Rehearing Overruled Oct. 30, 1997.

Phyllis Waldrep Cranz, Fort Worth, for Appellant.

Greg Westfall, Fort Worth, Dan Carney, Weatherford, for Appellee.

Before DAUPHINOT, RICHARDS and JOHN G. HILL (Sitting by Assignment), JJ.

**OPINION**

JOHN G. HILL, Justice (Assigned).

The Texas Department of Public Safety appeals from a final order of the County Court at Law in Parker County reversing the administrative decision of May 1, 1996, a decision that had sustained a suspension of the driver's license of Misty Wesberry Nunez, the appellee. The Department argues in six points of error that the reviewing court erred as a matter of law by reversing the decision of the administrative law judge.

We reverse and render judgment affirming the decision of the administrative law judge and order that the Department may suspend Nunez's driver's license for 60 days because the reviewing court erred as a matter of law by reversing the decision of the administrative law judge.

As we have noted, the Department argues in six points of error that the reviewing court erred as a matter of law by reversing the decision of the administrative law judge. In her original petition filed with the Parker County Court at Law, Nunez alleged that the findings, inferences, conclusions and decisions of "Defendant" (which was the Texas Department of Public Safety) are: (1) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole; (2) in violation of Constitutional or Statutory provisions; (3) in excess of the statutory authority of "Defendant"; (4) made upon unlawful procedure; (5) arbitrary and capricious and characterized by an abuse of discretion; and (6) a denial of her due process of law and the right to equal protection of the law. In her "Statement of Position" filed with the county court, Nunez presented six bases to that court for reversal of the administrative decision. She contended that: (1) the Department failed in its attempt to prove that she had an alcohol concentration in excess of the statutory limit at the time she was driving a motor vehicle; (2) the administrative law judge erred in admitting into evidence "the DIC–23 (DPS Exhibit # 2A, 2B, and 2C)" because it was not a properly sworn affidavit; (3) the administrative law judge erred in admitting the department's exhibits because they had not been provided pursuant to demand any time

prior to trial, much less within five days of the demand; (4) the breath test operator affidavit, Department Exhibit #4, was not admissible on its face because it was not certified; (5) the breath test operator affidavit was not admissible because there is no authority for its admission; and (6) there is no evidence that the arresting officer filed a required report with the Department showing the grounds for the officer's belief that the person had been operating a motor vehicle while intoxicated and including a copy of a refusal statement signed by the person whose license is being suspended or a statement signed by the officer that the person refused to submit to the taking of the requested specimen and refused to sign the refusal statement.

Chapter 524 of the Transportation Code contains provisions for the Department to suspend the driver's license of certain drivers when a blood or breath specimen taken from the driver shows an alcohol concentration in excess of the level specified by Section 49.01(2)(B) of the Texas Penal Code. TEX. TRANSP.CODE ANN. § 524.011 (Vernon Supp. 1997). Following notice of the suspension to the driver, the driver may request a hearing before an administrative law judge employed by the State Office of Administrative Hearings. *Id.* §§ 524.013, 524.031, and 524.033. The driver may appeal an adverse decision of the administrative law judge to the county court at law of the county in which the driver was arrested, or to the county court in the absence of a county court at law. In the event that the county judge is not an attorney, the judge must transfer the case to a district court of the county, either at the request of either of the parties or on the judge's own motion. *See id.* § 524.041. Review on appeal is on the record certified by the State Office of Administrative Hearings with no additional testimony, unless upon request of a party the trial judge orders that an administrative law judge take such additional testimony because it finds that the additional evidence is material and that there were good reasons for the failure to present the testimony in the original proceeding before the administrative law judge. *See id.* § 524.043.

There are two issues that the Department is required to prove in the administrative hearing: (1) whether the person had an alcohol concentration of a level specified by Section 49.01(2)(B), Penal Code, while operating a motor vehicle in a public place; and (2) whether reasonable suspicion to stop or probable cause to arrest the person existed. *See id.* § 524.035(a)(1) and (2). The statutes further provide that if the administrative law judge finds in the affirmative on each of those issues, the suspension is sustained. *See id.* § 524.035(b). There is evidence in the record supporting both of those findings and none in contradiction to either.

Review on appeal is on the record certified by the State Office of Administrative Hearings with no additional testimony, § 524.043(a), although a party may apply to the court to present additional evidence. *See id.* § 524.043(b). In this case it appears that the only evidence before the trial court was the record from the administrative hearing.

■ In this case the administrative law judge made the findings required by section 524.035(a) of the Texas Transportation Code. *See id.* § 524.035(a). Consequently, in the absence of some error, the suspension is sustained. *See id.* § 524.043(b). We have reviewed the record from the administrative proceeding, which, as we have noted, also constitutes the trial court record. Having done so, we hold that the administrative law judge's findings, inferences, conclusions, and decisions: (1) are supported by substantial evidence; (2) are not in violation of constitutional or statutory provisions; (3) are not in excess of the administrative law judge's statutory authority; (4) are not made upon unlawful procedure; (5) are not arbitrary and capricious or characterized by an abuse of discretion; (6) are not an unwarranted exercise of discretion; and (7) do not deny Nunez due process of law or the right to equal protection of the law, as guaranteed to her by the Constitutions of the United States and of the State of Texas.

In this appeal, Nunez presents twelve reply points in which she suggests possible bases for upholding the reviewing court. In her first reply point, she makes the general assertion that the trial court's judgment

should be sustained if it can be upheld on any ground asserted in her petition initiating judicial review of the administrative decision. As previously noted, we have reviewed the record and find no basis for any of the assertions made by Nunez in her original petition. In her remaining eleven reply points, Nunez basically makes only two other suggestions as to why the trial court's decision might be upheld: (1) the administrative law judge's decision, including additional findings of fact, did not include a concise and explicit statement of the underlying facts supporting the finding of fact regarding alcohol concentration, as required by section 2001.141(d) of the Texas Government Code, and therefore was arbitrary and capricious; was in violation of that statute; was made upon unlawful procedure; violated her right to due process under the Fifth Amendment to the Constitution of the United States of America; and violated her right to due process under Art. I, sec. 19 of the Constitution of the State of Texas; and (2) the administrative law judge abused her discretion by admitting the Department's exhibits, numbers 1, 2A, 2B, 2C, 3, and 5 over her objection that the exhibits had not been provided to her counsel pursuant to a proper request.

■ We will first examine Nunez's contention that the county court's decision might be sustained because the administrative law judge did not include a concise and explicit statement of the underlying facts supporting the finding of fact regarding alcohol concentration, as required by sec. 2001.141(d) of the Texas Government Code. That section of the Government Code provides that "Findings of Fact, if set forth in statutory language, must be accompanied by a concise and explicit statement of the underlying facts supporting the findings." TEX.GOV'T.CODE ANN. § 2001.141(d) (Vernon Supp.1997).

The administrative law judge's decision includes a finding that Nunez was operating a motor vehicle in a public place in Parker County, Texas, with an alcohol concentration of 0.10 grams or greater or alcohol per 210 liters of breath as determined by her submission to a breath test as requested. The decision then makes reference to "additional findings of fact" appearing on the attached sheet. Immediately following the decision in our record is a page bearing the same hearing date and carrying the heading "Additional Findings of Fact." That sheet contains numerous findings of fact in support of the administrative law judge's conclusion concerning the alcohol concentration in Nunez's breath:

Finding of Fact No. 1: On March 23, 1996, at approximately 12:52 a.m., reasonable suspicion to stop the Defendant existed. Defendant was observed by Troopers Roger W. Millican and Gene Hansen driving a motor vehicle-to-wit: a red Chevrolet pickup Texas license plate GP8048. Defendant was traveling westbound in Interstate Highway 20 near mile marker 421. This location is a public roadway and place in Parker County, Texas. Defendant was driving erratically. Millican observed Defendant's vehicle swerve from the outside lane almost completely onto the improved shoulder. Defendant's vehicle then came back onto the main traveled portion of the roadway and traveled across three lanes of traffic, attempted to travel into the merging lane, but swerved back into the inside lane because of another vehicle. Millican initiated a traffic stop of Defendant's vehicle and identified Defendant as the vehicle's driver by her Texas driver's license. Finding of Fact No. 2: On the same date, probable cause to arrest the Defendant existed, in that probable cause existed that Defendant was intoxicated while operating or in control of a motor vehicle in a public place. All findings of fact made in Finding of Fact No. 1 are incorporated herein. Defendant displayed characteristics of intoxication: red, watery eyes; odor of alcoholic beverage on her breath; and poor balance swaying while standing unsupported. Millican inquired about reasons for Defendant's erratic driving and she did not provide any explanation. Defendant stated to Millican that she had been drinking and when asked how much, she replied "several". Millican, certified to administer standardized field sobriety evaluations including the horizontal gaze nystagmus drill, performed an evaluation with Defendant. Drills included in Defendant's evaluation were: horizontal gaze nystagmus,

finger count, and alphabet recitation. Defendant was able to state the alphabet correctly, but was unable to perform the finger count drill as instructed. Defendant could not count fingers in succession and touched the wrong fingers. While performing the horizontal gaze nystagmus drill, Defendant displayed signs of intoxication. Defendant's eyes lacked smooth pursuit, distinct nystagmus was observed at maximum deviation in both eyes, and onset of nystagmus was observed prior to 45 degrees in both eyes. Defendant submitted to a preliminary breath test indicating .179. Millican stated it was his opinion that Defendant was intoxicated and she was placed under arrest for the offense of driving while intoxicated based upon these facts.

Nunez merely concludes that these findings relate to reasonable suspicion to stop and probable cause to arrest the person suspected of driving while intoxicated. We believe a more objective reading of those findings of fact would indicate that they relate to both that issue as well as to the issue of Nunez's alcohol concentration.

■ Nunez's only other complaint before this court concerning the actions of the administrative law judge is that the judge erred in admitting into evidence certain government records over her objection because they had not been provided to her pursuant to a proper request. The record reflects that she requested that she be provided with copies of all documents or records that the department intends to introduce at the hearing. The Texas Administrative Code provides that a defendant shall be allowed to review, inspect, and obtain copies of any non-privileged documents or records contained in the department's file or possession at any time prior to the hearing. 1 Tex.Admin.Code § 159.113(I). In this case, the Department did provide the documents to Nunez, but did not present her with an additional page that was attached to the document certifying it as a government document. We hold that the Department complied with the requirements of section 159.113(I) of the Texas Administrative Code. *Id.* Nunez requested the documents that the Department would seek to introduce at the hearing and the Department provided them.

We know of no requirement that the Department supply Nunez with a copy of the certification for a document that the State sought to introduce at a hearing, when the State has been asked to supply the document sought to be introduced, where the certification is attached to the document only in support of the document's admissibility at the hearing, and is therefore totally unrelated to the substance of the document. We decline to adopt Nunez's suggestion that the certification page, attached only so that the exhibit itself may be admitted, constitutes a substantive part of the exhibit for purposes of discovery. Nunez refers us to no case in support of her contention, and we are not aware of any. We sustain all of the Department's points of error.

We reverse and render judgment affirming the decision of the administrative law judge and order that the Texas Department of Public Safety is authorized to suspend the driver's license of Misty Wesberry Nunez, whose Texas Driver's License Number is TX 10446558, for a period of 60 days.