COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-417-CV

 

 

TEXAS DEPARTMENT OF                                                      APPELLANT

PUBLIC SAFETY

 

                                                   V.

 

JENNIFER N. RILEY                                                                 APPELLEE

 

                                              ------------

 

          FROM COUNTY COURT AT
LAW NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Texas Department of Public Safety (the
Department) appeals from the trial court=s order
setting aside an administrative order that suspended Appellee Jennifer N. Riley=s driver=s
license and that ordered the Department to restore Riley=s
driving privileges.  In two issues, the
Department argues that the trial court erred by reversing the administrative
law judge=s finding that reasonable
suspicion existed for the officer to stop Riley.  Because we hold that the officer had
reasonable suspicion to stop Riley, we will reverse and render.

II.  Factual and Procedural Background

On February 3, 2007, at 1:52 a.m., Officer J.
Chase with the Northlake Police Department stopped Riley for allegedly
traveling onto the shoulder three times without signaling and thereafter
arrested Riley for driving while intoxicated after she failed several field
sobriety tests.  Riley was given the
statutory warnings explaining that her driver=s
license would be suspended for not less than ninety days if she gave a specimen
of her breath and/or blood that showed that she had an alcohol concentration of
0.08 or more.  Riley gave a breath
specimen that exceeded the legal limit, and the Department suspended her driver=s
license.  Riley thereafter requested a
hearing under Texas Transportation Code chapter 524. 








On July 2, 2007, the administrative driver=s
license suspension hearing was held by phone. 
The Department admitted into evidence six exhibits and rested.  Riley did not object to any of the Department=s
exhibits.  One of the exhibits admitted
by the Department was the ANorthlake
Police Department DWI Case Report.@  Officer J. Chase had completed the report,
noting in it that what initially caused him to notice Riley=s
vehicle was that she Atraveled from the right lane
onto the shoulder three times without signaling@ while
heading northbound on IH-35W.  The report
indicated under the AConditions@ section
that it was AdarkBnot
lighted@ and
that the road was a blacktop that was straight and level and that was marked
for traffic lanes.  Officer Chase used a
radar to clock Riley at forty-eight miles per hour in an area with a posted
speed limit of sixty-five miles per hour.

Riley testified by phone as follows at the
hearing:

Q      Ms.
Riley, the officer states in his report that you traveled from the right B you were traveling in
the right lane.  That=s correct?

 

A      I was
in the right-hand lane, yes.

 

Q      And
he says that you went over onto the right shoulder three times.  Is that true?

 

A      That=s incorrect B not true.

 

Q      So
according to your recollection B and you=ve looked at the videotape.  Right?        

 

A      Yes,
sir.

 

Q      And
so you can say without equivocation that=s not a true statement and that you did not do
that.

 

A      I did
not do that, sir.

 








Q      Now,
he says that you were traveling at 48 miles per hour in a 65-mile-per-hour
zone.  Were you traveling at that speed
on a regular basis or were there circumstances that might have caused him to
say that?  Would you clarify that for the
Court?

 

A      Yes,
sir.  I slowed down.  The highway is not lighted at all, and I
slowed down to see the sign.  And that is
when he must have said I was going slower than I was.  Yes. 

 

The Department asked one question on cross-examination regarding
whether Riley was intoxicated.  Neither
side introduced the videotape of the stop into evidence.  The administrative law judge (ALJ) thereafter
found that Officer Chase had reasonable suspicion to stop or probable cause to
arrest Riley and that Riley was operating a motor vehicle in a public place
with an alcohol concentration of 0.08 grams or greater of alcohol per 210
liters of breath.  The ALJ thus authorized
the Department to suspend Riley=s
driving privileges for ninety days. 

Riley appealed the Department=s
suspension of her license to the county court at law.  In her brief supporting her appeal in the
county court at law, she argued that the ALJ did not clearly state why he
believed that the Department had proved that there was reasonable suspicion to
stop her for slowing to look at a road sign or crossing the right line three times
over an unspecified distance. 








At the hearing in the county court at law, Riley=s
attorney argued that the ALJ had failed to reconcile the apparent conflict in
the evidenceCthat the officer=s report
showed that Riley traveled onto the shoulder three times and that she had
testified at the ALJ hearing that she had not crossed over to the shoulder
three times.  Riley=s
attorney emphasized that there was no evidence in this case of any additional
factors because the officer=s report
did not mention suspecting intoxication, impeding busy traffic, or creating an
unsafe condition.  Additionally, Riley=s
attorney argued that weaving Aalone is
not sufficient reasonable suspicion of a crime.@  The Department argued in the county court at
law that Riley=s slow speed and traveling at
2:00 a.m. coupled with crossing onto the shoulder three times without signaling
constitutes Asufficient articulable facts . .
. from which the officer could infer that criminal activity might be afoot or
that at the very least that he needs to check on the well-being of this
particular driver.@ 
Neither side specifically argued whether there was a violation of
transportation code section 545.058, dealing with driving on an improved
shoulder.[2]








After taking the matter under advisement, the
county court at law found that there was no evidence in the record of the
proceedings (1) that indicated that weaving, if it occurred, was unsafe; (2)
that traveling forty-eight miles per hour in a sixty-five mile-per-hour zone is
a violation of any code or statute; and (3) that the vehicle was stopped
pursuant to the community watchdog function. 
Thus, the county court at law set aside the ALJ=s
decision and ordered the Department to restore Riley=s
driving privileges.  This appeal by the
Department followed. 

III.  Driver=s License Suspension Procedures

Chapter 524 of the Texas Transportation Code contains
provisions for the Department to suspend the driver=s
license of certain drivers when a blood or breath specimen taken from the
driver shows an alcohol concentration of a level specified by section
49.01(2)(B) of the Texas Penal Code.  Tex. Transp. Code Ann. ' 524.011
(Vernon 2007).  Following notice of the
suspension to the driver, the driver may request a hearing before an ALJ
employed by the State Office of Administrative Hearings.  Id. ''
524.013, 524.031, 524.033.








There are two issues that the Department is
required to prove by a preponderance of the evidence at the administrative
hearing:  (1) whether the person had an
alcohol concentration of a level specified by section 49.01(2)(B) of the penal
code while operating a motor vehicle in a public place and (2) whether
reasonable suspicion to stop or probable cause to arrest the person
existed.  See id. '
524.035(a).  The statutes further provide
that if the ALJ finds in the affirmative on each of those issues, the
suspension is sustained.  See id. '
524.035(b). 

The driver may appeal an adverse decision of the
ALJ to the county court at law of the county in which the driver was arrested,
or to the county court in the absence of a county court at law.  See id. '
524.041(a)C(b).  Review on appeal to the county court at law
is on the record certified by the State Office of Administrative Hearings with
no additional testimony, unless upon request of a party the trial judge orders
that an ALJ take such additional testimony because it finds that the additional
evidence is material and that there were good reasons for the failure to
present the testimony in the original proceeding before the ALJ.  See id. '
524.043.








A review in the county court at law or county court of an
administrative license suspension is conducted under the substantial evidence
standard of review.  See Mireles v.
Tex. Dep=t of Pub. Safety, 9 S.W.3d 128,
131 (Tex. 1999).  Under this standard,
the reviewing court cannot replace the ALJ=s judgment with
its own.  See id.; R.R. Comm=n of Tex. v. Torch
Operating Co., 912 S.W.2d 790, 792 (Tex. 1995).  If the ALJ=s decision is
supported by more than a scintilla of evidence, that decision must be upheld.  See Torch Operating Co., 912 S.W.2d
at 792B93.  However, a trial court may reverse an ALJ=s determination if
a substantial right of the appellant has been prejudiced because the ALJ=s findings,
inferences, conclusions, or decisions are not reasonably supported by
substantial evidence considering the record as a whole.  See Tex.
Gov=t Code Ann. ' 2001.174(2)(E) (Vernon 2000).

IV.  Standard of Review

The court of appeals reviews the trial court=s substantial
evidence review de novo.  Tex.
Dep=t of Pub. Safety v. Valdez, 956 S.W.2d 767,
769 (Tex. App.CSan Antonio 1997, no pet.).  The issue for the reviewing court is not whether
the ALJ=s decision was
correct but only whether the record demonstrates some reasonable basis for the
ALJ=s decision.  See Tex. Dep=t of Pub. Safety
v. Fisher, 56 S.W.3d 159, 162 (Tex. App.CDallas 2001, no
pet.) (citing Mireles, 9 S.W.3d at 131). 
Courts must affirm administrative findings in contested cases if there
is more than a scintilla of evidence to support them, even if the findings are
against the preponderance of the evidence. 
See id.  If the evidence is
conflicting, the court must defer to the ALJ=s factual
findings.  See Brown v. Tex. Dep=t of Ins., 34 S.W.3d 683,
689 (Tex. App.CAustin 2000, no pet.).

V.  Reasonable Suspicion To Stop Riley








The Department argues in its first issue that the county
court at law erred by reversing the ALJ=s finding that the
officer had reasonable suspicion to stop Riley. 
Specifically, the Department argued at oral argument that the Areasonable
suspicion in this case was driving on the shoulder.@[3]  Texas Transportation Code section 545.058(a)
provides that A[a]n operator may drive on an improved
shoulder to the right of the main traveled portion of a roadway if that
operation is necessary and may be done safely, but only@ under seven
listed conditions, including Ato decelerate
before making a right turn.@  Tex.
Transp. Code Ann. ' 545.058(a)(3) (Vernon 1999).  Riley contends that Officer Chase did not
possess reasonable suspicion to stop her because no evidence exists of an Aimproved
shoulder@ or of a
Afog line@ as
required by Texas Transportation Code section 545.058(a).  








Although in analyzing reasonable suspicion Riley
would like for us to hone in on whether the Department put on evidence of a fog
line or of an improved shoulder, that is not the burden that the Department was
required to meet.  A police officer may
stop and briefly detain a person for investigative purposes if the officer has
a reasonable suspicion, supported by articulable facts, that the person
detained actually is, has been, or soon will be engaged in criminal
activity.  See Fisher, 56 S.W.3d
at 163 (citing Tex. Dep't of Pub. Safety v. Chang, 994 S.W.2d 875, 877
(Tex. App.CAustin 1999, no pet.)).  The burden on the State is to demonstrate the
reasonableness of the stop.  See id.   If an officer has a reasonable basis for
suspecting a person has committed a traffic offense, the officer may legally
initiate a traffic stop.  Id.  The State is not required to show a traffic
offense was actually committed or to prove every element of a specific traffic
offense, but only that the officer reasonably believed a violation was in
progress.  Id.; see also Fisher,
56 S.W.3d at 163;  Martinez
v. State, 29 S.W.3d 609, 611B12 (Tex.
App.CHouston
[1st Dist.] 2000, pet. ref=d); Tex.
Dep=t of Pub. Safety v. Bell, 11
S.W.3d 282, 284 (Tex. App.CSan
Antonio 1999, no pet.); Chang, 994 S.W.2d at 877; Gajewski v. State,
944 S.W.2d 450, 452 (Tex. App.CHouston
[14th Dist.] 1997, no writ).        The issue before us is whether the record
demonstrates substantial evidence supporting the ALJ=s decision that
Officer Chase possessed reasonable suspicion to stop her; we review the record
accordingly applying the substantial evidence standard.  Here, the ALJ=s first finding of
fact stated,








On February 3, 2007, Police Officer
J. Chase, Northlake Police Department, at approximately 1:52 a.m., personally
observed a motor vehicle, i.e., a black Toyota Tacoma being driven by Defendant
north bound on Interstate Highway 35W, a public place in Northlake, Denton County,
Texas.  Defendant=s vehicle wove out of and back into
its lane of travel to the right onto the shoulder of the roadway three
times.  Defendant denied that she had
made such a maneuver.  Defendant=s vehicle=s speed was estimated by Chase by
pacing to be approximately 48 miles per hour. 
Defendant=s vehicle was driving in a 65 miles
per hour zone.  Defendant testified she
was slowing to look at an unlit roadside sign. 
Chase made a stop of Defendant. 
On February 3, 2007, reasonable suspicion to stop or probable cause to
arrest the Defendant existed. 

 








The
record before the ALJ included the officer=s sworn
report.  Following the sworn report was
DWI Case Report #070160, which included the following information:  that this was a nonaccident case involving
Riley in the 14000 block of IH-35W northbound at 1:52 a.m. on Saturday,
February 3, 2007; that it was AdarkBnot
lighted@ with Aclear/cloudy@
weather; that the road was Ablacktop@ with a Adry@
surface; that the road was marked for traffic lanes and was Astraight
and level@; that Officer Chase initially
noticed Riley=s vehicle because it Atraveled
from the right lane onto the shoulder three times without signaling@; and
that she was traveling forty-eight miles per hour where the posted speed limit
was sixty-five miles per hour.  The
remainder of the eight-page report includes details of the sobriety testing
that Officer Chase conducted, the statutory warning given to Riley before she
consented to give a breath specimen, and the Intoxilyzer results. 








After reviewing the administrative record, we
conclude that substantial evidence supports the ALJ=s
reasonable suspicion determination. 
Specifically, the officer could have reasonably concluded that Riley had
committed a traffic offense each time she traveled onto the shoulder.  See Tex.
Transp. Code Ann. ' 545.058(a).  Although driving on the shoulder is permitted
when Anecessary@ for
seven listed reasons, Officer Chase could have reasonably concluded that Riley=s
conduct in driving on the shoulder three times negated application of any of
the seven statutory reasons permitting a one-time driving on the shoulder.  See id.  Additionally, at the ALJ hearing Riley did not
testify that she drove on the shoulder for any of the seven statutorily
authorized reasons.  Instead, she
testified that she never drove on the shoulder at all.  Thus, conflicting evidence existed before the
ALJ: either Riley drove on the shoulder three times while Officer Chase
followed her or she did not drive on the shoulder at all.  The only issue before the county court at law
was whether substantial evidence supported the ALJ=s
findings.  The county court is not
permitted to disregard an ALJ=s
factual determinations where there is conflicting evidence.  See Mireles, 9 S.W.3d at 131.  We hold that substantial evidence supported
the ALJ=s reasonable
suspicion determination.  See Tex. Dep=t of
Pub. Safety v. Nunez, 956 S.W.2d 603, 607 (Tex. App.CFort
Worth 1997, pet. denied) (reversing and rendering judgment affirming the ALJ=s
decision to suspend license where ALJ made finding of fact that trooper
observed appellee=s vehicle swerve from the
outside lane almost completely onto the improved shoulder); see also Castilleja
v. Tex. Dep=t of Pub. Safety, No.
04-05-00841-CV, 2006 WL 2546327, at *1 (Tex. App.CSan
Antonio Sept. 6, 2006, no pet.) (mem. op.) (holding that substantial evidence
supported ALJ=s finding that reasonable
suspicion supported trooper=s stop
of appellant where the offense report admitted into evidence before the ALJ
stated that appellant=s car was traveling more than
twenty miles under the speed limit and crossed the solid white line,
thereby driving on the improved shoulder). 
We
therefore sustain the Department=s first issue.








The Department, after disposing of the trial court=s purported reason
for reversing the ALJ=s decision, argues in its second issue that
there was no other reason for the trial court to reverse the ALJ=s
decision.  Specifically, the Department
argues that in addition to proving that the officer had reasonable suspicion to
stop, it also proved that Riley had an alcohol concentration of 0.08 or more
while operating a motor vehicle in a public place.  Based on our review of the record, including
the Intoxilyzer results of .135 and .120, we agree and hold that the
Department proved both issues that it was required to prove under chapter 524
at the ALJ hearing in order to uphold Riley=s
license suspension.  See Tex. Transp. Code Ann. '
524.035(a).  We therefore sustain the
Department=s second issue.

VI.  Conclusion

Having sustained the Department=s two
issues, we reverse the trial court=s order
and render judgment reinstating the ALJ=s order.

 

SUE
WALKER

JUSTICE

 

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DELIVERED:  August 7, 2008

 



 

 











[1]See Tex. R. App. P. 47.4.





[2]The only discussion about
driving on the shoulder was limited to the following:

 

THE COURT: Was this on the
shoulder that she was B was at least the
statement made that she wasn=t moving to the left, which would indicate into
another lane.  She was moving to the
right.  It=s either another lane, or
it=s a shoulder.

 

[DEPARTMENT=S COUNSEL]: I believe it
was the fog line, so I think she was moving onto the shoulder.

 

THE COURT: (Overlapping)
Okay.  Shoulder. 





[3]When asked to clarify the
reasonable suspicion argument, counsel for the Department stated, AWe=re arguing reasonable
suspicion that she violated the statute@ and later specified that the statute they were
relying on was Texas
Transportation Code section 545.058.  Thus, this
case is distinguishable from those involving reasonable suspicion based on a
violation of section 545.060.  See
Tex. Transp. Code Ann. ' 545.060(a) (Vernon 1999)
(permitting movement from or between lanes when it can be done safely).