# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00261-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Micah McHugh, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY**
**NO. C-1-CV-12-012483, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety appeals the trial court's judgment reversing the administrative decision issued by the State Office of Administrative Hearings, which authorized the Department to suspend appellee Micah McHugh's driver's license for 180 days based on his refusal to provide a breath or blood specimen after his arrest for driving while intoxicated. *See* Tex. Transp. Code § 724.035(a)(1). The Department contends that substantial evidence supports the administrative law judge's findings of fact that reasonable suspicion existed to stop McHugh and probable cause existed to arrest him. The Department further argues that the trial court erred if it reversed the administrative decision based on McHugh's argument that a later blood test, which was not introduced into evidence at the administrative hearing, showed that he was not above the per se level of intoxication. For the reasons that follow, we will reverse the trial court's judgment and render judgment affirming the administrative decision.

## BACKGROUND

McHugh refused to provide a breath or blood specimen for alcohol-concentration analysis as required by the implied-consent statute related to arrests for driving while intoxicated. He requested a contested-case hearing to challenge the administrative suspension of his driver's license. At the administrative hearing, the sworn report of Officer Jason Day (the police officer who arrested McHugh) and the documents incorporated into the report were admitted into evidence without objection. Officer Day also testified at the hearing.[1]

According to the report and Officer Day's testimony, at 12:04 a.m. on Sunday, June 17, 2012, Officer Lynch of the Austin Police Department stopped McHugh for making a right turn at a red light at an intersection posted as prohibiting right turns on red. After stopping McHugh, Officer Lynch detected a strong odor of alcohol coming from McHugh. McHugh also admitted to Officer Lynch that he might have had too much to drink. Officer Lynch called Officer Day to the scene to investigate McHugh for driving while intoxicated.

Officer Day also noticed a strong odor of alcohol coming from McHugh. McHugh also exhibited other signs of intoxication, including bloodshot, glassy eyes, mumbled speech, and a small amount of swaying. Officer Day administered field sobriety tests to McHugh. McHugh exhibited six of six clues on the horizontal gaze nystagmus (HGN) test, which Officer Day testified has an 88% correlation with intoxication. Officer Day further testified that his observations of McHugh during this test "and the high correlation" were the overriding factors in his determination that probable cause existed to arrest McHugh.

---

[1] The only evidence admitted at the hearing was the report and Officer Day's testimony.

In addition, Officer Day testified that McHugh did not show the number of clues needed to correlate with intoxication on two other field sobriety tests, the walk-and-turn and the one-leg stand. He exhibited zero out of eight clues on the walk-and-turn, which requires two clues to indicate that the person may be intoxicated. He exhibited one of four clues, swaying, on the one-leg stand, which also requires two clues to indicate that the person may be intoxicated. Officer Day also administered the modified Romberg balance test, and McHugh estimated 30 seconds as 42 seconds on that test. McHugh also estimated that the time was an hour different than it actually was. McHugh would not answer how intoxicated he felt on a scale of one to ten because he said he did not want to incriminate himself. According to Officer Day, McHugh's demeanor indicated that he was intoxicated. Consequently, Officer Day arrested McHugh for driving while intoxicated. After providing the required statutory warnings, he requested both breath and blood specimens from McHugh. McHugh refused to voluntarily provide specimens, and he signed the statutory-warning (DIC-24) form documenting his refusal.

At the administrative hearing, McHugh's counsel asked Officer Day whether he would "still stand by the fact that [Officer Day] thought [McHugh] was intoxicated" if counsel told him that McHugh's blood-test results were a 0.04. Officer Day acknowledged that he had "seen those results," but he stood by the fact that at the time of the arrest he thought McHugh was intoxicated. No blood-test results were offered or admitted into evidence.

After the hearing, the administrative law judge (ALJ) sustained the suspension of McHugh's license. McHugh appealed the decision to the county court at law. McHugh appealed his license suspension on three grounds, contending (1) that there was not reasonable suspicion for

3

the stop; (2) that there was not probable cause to believe he was driving while intoxicated; and (3) a blood test showed that his blood alcohol concentration was less than the per se statutory limit for intoxication. The county court at law reversed the administrative decision and ordered that McHugh's license not be suspended. This appeal by the Department followed.

## STATUTORY OVERVIEW

Under the implied-consent statute, a person who is arrested for driving while intoxicated is deemed to have consented to provide a breath or blood specimen for alcohol-concentration analysis. Tex. Transp. Code § 724.011. Thus, when a peace officer arrests a person and has reasonable grounds to believe that the person operated a motor vehicle in a public place while intoxicated, the officer may request a specimen of the person's breath or blood. *Id.* § 724.012(a)(1). If the person refuses to comply, the Department must suspend the person's license to operate a motor vehicle on a public highway for 180 days. *Id.* § 724.035(a)(1). A person whose license is suspended for refusing to provide a specimen may request an administrative hearing. *Id.* § 724.041. At a license-suspension hearing, the Department bears the burden of proving that:

(1)     reasonable suspicion or probable cause existed to stop or arrest the person;

(2)     probable cause existed to believe that the person was:

(A)     operating a motor vehicle in a public place while intoxicated . . .

(3)     the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4)     the person refused to submit to the taking of a specimen on request of the officer.

4

*Id.* § 724.042; *see also Texas Dep't of Pub. Safety v. Allocca*, 301 S.W.3d 364, 367 (Tex. App.—Austin 2009, pet. denied). Only the first two elements are contested in this case.

## STANDARD OF REVIEW

We review administrative license-suspension cases under the substantial-evidence standard. *See* Tex. Transp. Code §§ 724.047 (appeals under Chapter 724 are governed by Chapter 524), 524.002(b) (Chapter 2001 of Government Code applies to proceedings); Tex. Gov't Code § 2001.174; *see also Texas Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (citing *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999)). Whether substantial evidence supports the administrative decision is a question of law, and on questions of law, neither the trial court nor the ALJ is entitled to deference on appeal. *Alford*, 209 S.W.3d at 103. Thus, we review de novo the trial court's determination of whether substantial evidence supports the administrative decision. *See Texas Dep't of Pub. Safety v. Lee*, No. 03-11-00532-CV, 2012 WL 3793261, at *3 (Tex. App.—Austin Aug. 31, 2012, no pet.) (mem. op.); *Texas Dep't of Pub. Safety v. Gonzales*, 276 S.W.3d 88, 91 (Tex. App.—San Antonio 2008, no pet.).

A reviewing court conducting a substantial-evidence review may not substitute its judgment for the ALJ's judgment "on the weight of the evidence on questions committed to agency discretion." Tex. Gov't Code § 2001.174; *Texas Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984). The ALJ's findings in this regard are entitled to deference on appeal. *Alford*, 209 S.W.3d at 103. To warrant reversal or remand of an agency decision, the reviewing court must conclude that the appellant's substantial rights have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A)     in violation of a constitutional or statutory provision;

(B)     in excess of the agency's statutory authority;

(C)     made through unlawful procedure;

(D)     affected by other error of law;

(E)     not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F)     arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code § 2001.174.  The dispositive issue for the reviewing court is not whether the agency's decision was correct, but only whether some reasonable basis exists in the record for the agency's action.  *Mireles*, 9 S.W.3d at 131.  A reviewing court must presume that substantial evidence supports the agency decision.  *Charter Med.-Dallas*, 665 S.W.2d at 453.  The burden is on the party contesting the agency decision to prove otherwise.  *Id.*  We must affirm administrative findings in contested cases if more than a scintilla of evidence supports them, and we may affirm the agency's decision "even if the evidence preponderates against it." *See Mireles*, 9 S.W.3d at 131.

**ANALYSIS**

The Department challenges the trial court's reversal of the administrative decision in three issues.  First, the Department contends that substantial evidence supports the ALJ's finding of fact that reasonable suspicion existed to stop McHugh because a police officer observed McHugh operating his vehicle on a public roadway and turning right at a red light where prohibited.  Second, the Department contends that substantial evidence supports the ALJ's finding of fact that probable

6

cause existed to arrest McHugh for operating a motor vehicle in a public place while intoxicated because a police officer observed McHugh "to have an alcoholic beverage odor, impaired balance, mumbled speech, bloodshot eyes, and 6 of 6 clues of intoxication during the horizontal gaze nystagmus (HGN) test." Finally, the Department contends that the only proper basis for the trial court to reverse the administrative decision would be if it had concluded that there was not substantial evidence supporting the ALJ's findings that the Department had proved the four required elements under Section 724.042 by a preponderance of the evidence. Thus, the Department asserts that the trial court's ruling was error to the extent it was based on McHugh's equitable and statutory arguments that a later blood test, which was not introduced into evidence at the administrative hearing, showed that he was not above the per se level of intoxication.

**Reasonable suspicion**

We first consider whether substantial evidence supports the ALJ's finding of fact that Officer Day had reasonable suspicion to stop McHugh. An officer conducts a lawful stop when he has reasonable suspicion to believe that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists if an officer has specific and articulable facts that, taken together with rational inferences from those facts, would lead the officer to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Neal v. State*, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008). This standard is an objective one that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Ford*, 158 S.W.3d at 492. We consider the totality of the circumstances when making a reasonable-suspicion determination. *Id.* at 492-93.

7

The burden is on the Department to demonstrate the reasonableness of the stop. *Texas Dep't of Pub. Safety v. Chang*, 994 S.W.2d 875, 877 (Tex. App.—Austin 1999, no pet.). If the officer has a reasonable basis for suspecting a person has committed a traffic offense, the officer may legally initiate a traffic stop. *McVickers v. State*, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993); *Chang*, 994 S.W.2d at 877. The Department is not required to show that a traffic offense was actually committed, but only that the officer reasonably believed a violation was in progress. *Texas Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.).

After reviewing the administrative record, we conclude that substantial evidence supports the ALJ's reasonable-suspicion determination. *See Chang*, 994 S.W.2d at 878 (concluding that documentary evidence of traffic offense provided by officer's affidavit and accompanying documents satisfied substantial-evidence test to support reasonableness of stop). Here, Officer Lynch had reasonable suspicion to stop and investigate McHugh because he made a right turn on a red light at an intersection with a sign posted prohibiting such a turn, an offense authorizing a person's arrest. *See* Tex. Transp. Code §§ 541.304(1), 542.301(a), 543.001, 544.004. We sustain the Department's first issue.

**Probable cause**

The Department asserts in its second issue that substantial evidence existed to support the ALJ's finding of fact that probable cause existed to arrest McHugh for operating a motor vehicle in a public place while intoxicated. Probable cause exists when the police have reasonably trustworthy information, considered as a whole, sufficient to warrant a reasonable person to believe that the person arrested has committed or is committing an offense. *Amador v. State*, 275 S.W.3d 872, 878

8

(Tex. Crim. App. 2009). "Probable cause deals with probabilities." *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). It "requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence." *Hughes v. State*, 24 S.W.3d 833, 838-39 (Tex. Crim. App. 2000); *Lee*, 2012 WL 3793261, at *6. In other words, the Department need not prove that McHugh was in fact intoxicated while driving, only that probable cause existed to believe that he was. *See Lee*, 2012 WL 3793261, at *6.

In response, McHugh contends that there was no reasonable basis for the suspension of his license "based on the evidence of intoxication in the record." We understand McHugh's argument to assert that there was no probable cause to believe he was intoxicated because (1) the results of the HGN test were unreliable, (2) he performed well on the walk-and-turn and one-leg-stand tests, and (3) the Romberg balance test was not probative of his intoxication.[2]

Substantial evidence supports the ALJ's finding that probable cause existed to believe that McHugh was driving while intoxicated. The term "intoxicated" means "not having the normal use of mental or physical faculties" because of consuming alcohol (or other substances), or "having

---

[2] As a preliminary matter, McHugh argues that the ALJ was required to find that McHugh was intoxicated, citing Section 724.042(2). We disagree with that assertion. That subsection requires only a finding of *probable cause* to believe the person was operating a motor vehicle in a public place while intoxicated, not a finding of intoxication. Tex. Transp. Code § 724.042(2)(A). As stated above, to prove probable cause, the Department did not need to prove beyond a reasonable doubt or even by a preponderance of the evidence that McHugh was in fact driving while intoxicated. *See Hughes v. State*, 24 S.W.3d 833, 838-39 (Tex. Crim. App. 2000). It only needed to establish that the totality of the circumstances warranted the belief of a reasonable person that he was driving while intoxicated. *See Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). On appeal, as long as more than a scintilla of evidence supports the ALJ's finding that probable cause existed, we must uphold the administrative decision. *See Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999).

an alcohol concentration of 0.08 or more." Tex. Penal Code § 49.01(2)(A)-(B). Because McHugh refused to provide a breath or blood specimen at the time of his arrest, the ALJ's finding was necessarily based on a determination that probable cause existed to believe that McHugh did not have the normal use of his mental or physical faculties because he had been drinking alcohol.

The evidence in the record includes Officer Day's affidavit and testimony. McHugh had committed a traffic violation, turning right on red despite a sign prohibiting such a turn, which could indicate impaired mental faculties. Officer Day observed that a strong alcoholic beverage odor was coming from McHugh and that McHugh had impaired balance, mumbled speech, and bloodshot, glassy eyes. In addition, McHugh exhibited six out of six clues on the HGN test and admitted that he might have had too much to drink. McHugh complains on appeal about the reliability of the HGN test and the weight that the ALJ gave that test over the other tests performed. In effect, McHugh asks this Court to substitute its judgment for the ALJ's judgment "on the weight of the evidence on questions committed to agency discretion," which we cannot do. Tex. Gov't Code § 2001.174; *Charter Med.-Dallas*, 665 S.W.2d at 452; *see also Sanchez v. Texas State Bd. of Med. Exam'rs*, 229 S.W.3d 498, 511 (Tex. App.—Austin 2007, no pet.) (explaining that agency decides "meaning, weight, and credibility to assign conflicting evidence"). Officer Day's affidavit and testimony provide more than a scintilla of evidence supporting the probable-cause finding. We sustain the Department's second issue.

In its third issue, the Department contends that the trial court erred to the extent it reversed the ALJ's decision based on equitable and statutory arguments related to McHugh's

contention that a later blood test showed he was not intoxicated.[3]  On appeal, McHugh argues that this blood-test result combined with evidence that he "passed the Standard Field Sobriety Test Battery administered to him" means that no reasonable basis exists in the record for suspending his license.  Although Officer Day acknowledged at trial that he had seen results of a later blood test, that blood test was never offered or admitted into evidence.[4]  Moreover, the only issues to be considered at a hearing under Section 724.042 of the Transportation Code are (1) reasonable suspicion for the stop or arrest, (2) probable cause to believe that the person was driving while intoxicated, (3) the person's arrest and the officer's request that the person provide a specimen, and (4) the person's refusal to provide a specimen upon request.  Ordinarily, suspension under Section 724.042 is not based on any consideration of the driver's actual intoxication.  *See Texas Dep't of Pub. Safety v. Varme*, 262 S.W.3d 34, 39-41 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (construing Section 724.048 and determining that only acquittal of criminal charges arising from same arrest,

_____

[3] We note that on appeal McHugh has abandoned the statutory argument that the Department was obligated to rescind the license suspension under Section 524.012 of the Transportation Code. *See* Tex. Transp. Code § 524.012 (precluding license suspension when officer does not serve person who submits to breath or blood test with notice of license suspension at time results of breath or blood specimen are obtained, if analysis of specimen shows alcohol concentration below 0.08). Accordingly, we need not address this argument. *See* Tex. R. App. P. 47.1.

[4] McHugh attached as appendices to his brief a document entitled "Blood Alcohol Analysis Report" that provides no information about when any examination was conducted and a motion to dismiss a DWI charge against McHugh by the Travis County District Attorney.  These documents were never offered or admitted into evidence before the ALJ or the trial court.  We cannot consider these documents because they are not properly included in the appellate record. *See Adams v. Reynolds Tile & Flooring, Inc.*, 120 S.W.3d 417, 423 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("The attachment of documents as exhibits or appendices to briefs does not constitute formal inclusion in the record on appeal and, therefore [those documents] that are not part of our record cannot be considered."); *see also* Tex. R. App. P. 34.1 (appellate record consists of clerk's record and reporter's record).

not mere dismissal of charges, precludes license suspension). We need not determine whether it would have been appropriate for the ALJ to consider the results of a later blood test when analyzing probable cause at the time of McHugh's arrest because in this particular case the blood-test results were not admitted as evidence. *See* Tex. R. App. P. 47.1 (appellate courts must hand down opinions that are as brief as practicable but that address every issue raised and necessary to disposition of appeals). Moreover, even if the blood-test results had been admitted into evidence, at most this would have been conflicting evidence to be weighed by the ALJ. Resolution of factual conflicts is the province of the agency, and we may not set aside an agency decision based on a conflict in the evidence. *See Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984). Thus, the trial court erred to the extent it reweighed the evidence. *See* Tex. Gov't Code § 2001.174; *Charter Med.-Dallas*, 665 S.W.2d at 452; *Sanchez*, 229 S.W.3d at 511. We sustain the Department's third issue.

Because we have determined that substantial evidence in the administrative record supports the ALJ's findings on each of the issues in Section 724.042 of the Transportation Code, we conclude that the county court at law erred by reversing the ALJ's decision.

### CONCLUSION

Having concluded that the trial court erred by reversing the ALJ's decision, we reverse the trial court's judgment and render judgment reinstating the ALJ's administrative order authorizing the Department to suspend McHugh's driver's license for 180 days.

12

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Reversed and Rendered

Filed:   October 24, 2014