TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Alex Tung–Wei CHANG, Appellee.

No. 03–98–00652–CV.

Court of Appeals of Texas,
Austin.

June 4, 1999.

Carla Elaina Eldred, Texas Dept. of Public Safety, Kevin M. Givens, Texas Dept of Public Safety, Supervising Atty., ALR Appeals, Austin, for Appellant.

Betty Blackwell, Austin, for Appellee.

Before Justices JONES, YEAKEL and PATTERSON.

J. WOODFIN JONES, Justice.

The Texas Department of Public Safety ("DPS") appeals a final order of the Travis County Court at Law reversing an administrative decision, entered after a contest-

ed-case hearing, authorizing the suspension of appellee Alex Tung–Wei Chang's driver's license. We will reverse the judgment of the county court at law and affirm the administrative decision.

## FACTUAL AND PROCEDURAL BACKGROUND [1]

David Wright, an officer with the City of Austin Police Department, was patrolling the streets of Austin when he observed a vehicle fail to maintain a single marked lane and cross over the double yellow line.[2] Wright initiated a traffic stop, and the driver identified himself as Chang. Wright's affidavit indicates that he detected a strong odor of alcohol emanating from Chang, and noticed that Chang's speech was slurred and his eyes were bloodshot, watery, and glassy. He also observed that Chang swayed while walking, and needed support while standing. Chang had some difficulty performing each of the three field sobriety tests administered by Wright.

Wright placed Chang under arrest for driving while intoxicated and asked Chang to submit a specimen of his breath to assess his level of intoxication. Chang refused. As a result of the refusal, Chang's driver's license was automatically suspended. *See* Tex. Transp. Code Ann. § 724.035(a)(1) (West 1999) (requiring driver's license suspension for 90 days if person refuses peace officer's request to submit to taking of specimen).

Chang requested a hearing before an administrative law judge ("ALJ") from the State Office of Administrative Hearings to contest the suspension of his driver's license. Following an evidentiary hearing, the ALJ entered a decision sustaining the license suspension. Chang then appealed to the Travis County Court at Law ("reviewing court"). Chang contended that the documentary evidence presented at the administrative hearing did not rise to the level of substantial evidence of a reasonable suspicion to believe Chang had committed a traffic offense; thus, the ALJ erred in finding reasonable suspicion for the traffic stop. Acting in an appellate capacity, the reviewing court reversed the administrative decision and set aside the order authorizing the suspension of Chang's driver's license.[3]

DPS appeals the decision of the reviewing court, asserting error in reversing the administrative order on the ground that there was substantial evidence to support the administrative finding that reasonable suspicion existed to stop Chang.

## DISCUSSION

▮▮▮ The findings of an ALJ are reviewed by the county court at law under the substantial-evidence standard. *See* Tex. Gov't Code Ann. § 2001.174 (West 1999). In conducting a substantial-evidence review, the reviewing court may not substitute its judgment for that of the ALJ. *Railroad Comm'n v. Torch Operating Co.*, 912 S.W.2d 790, 792–93 (Tex.1995); *Texas State Bd. of Dental Exam'rs v. Size-*

1. Only three documents were presented as evidence at the administrative hearing: a Peace Officer's Sworn Report (DIC–23), an Affidavit for Warrant of Arrest and Detention, and the Statutory Warning sheet. No testimony was offered. As a result, there is little in the record from which this Court can glean the factual background of this case. The parties, however, are in substantial agreement as to the relevant facts.

2. The officer's affidavit cites Chang's "failure to drive in a marked lane crossing double yellow lane line." It is unclear whether this refers to a single instance of crossing over the double yellow line into a lane of oncoming traffic, or two separate instances, one of crossing over a white lane marker dividing traffic traveling in the same direction, followed by one of crossing over the double yellow line into oncoming traffic. The uncertainty does not affect the outcome of this appeal.

3. Chang raised other arguments in his appeal of the ALJ's decision, but the reviewing court's order reversing the administrative decision specifies that the reversal was based on lack of reasonable suspicion to stop.

*more,* 759 S.W.2d 114, 116 (Tex.1988). The reviewing court may consider only the record on which the ALJ's decision was based. *Sizemore,* 759 S.W.2d at 116. The question for review is whether the evidence as a whole is such that reasonable minds could have reached the conclusion the ALJ must have reached in order to take the disputed action. *Id.* If there is evidence to support either a negative or affirmative finding on a specific matter, the decision of the ALJ must be upheld. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 453 (Tex.1984); *see also Torch Operating,* 912 S.W.2d at 792–93. Thus, in the instant case, the county court at law, in the posture of an appellate court, was limited to reviewing the administrative record to determine if there was substantial evidence to support the ALJ's finding that reasonable suspicion existed to initiate a stop.

 A police officer may stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion, supported by articulable facts, that the person detained actually is, has been, or soon will be engaged in criminal activity. *See Hernandez v. State,* 983 S.W.2d 867, 869 (Tex.App.—Austin 1998, pet. filed) (citing *Woods v. State,* 956 S.W.2d 33, 35 (Tex.Crim.App.1997)). The burden is on the State to demonstrate the reasonableness of the stop. *See id.* If an officer has a reasonable basis for suspecting a person has committed a traffic offense, the officer may legally initiate a traffic stop. *See McVickers v. State,* 874 S.W.2d 662, 664 (Tex.Crim.App.1993); *Garcia v. State,* 827 S.W.2d 937, 944 (Tex. Crim.App.1992); *Hernandez,* 983 S.W.2d at 870–71. Accordingly, the issue before this Court is whether Chang's "failure to drive in marked lane crossing double yellow lane line," as stated in Officer Wright's affidavit, constitutes substantial evidence

that Chang had committed a traffic violation. If so, the record contains substantial evidence of the reasonableness of the stop. We conclude that it did.[4]

The provisions for driving on the right side of a roadway are found in section 545.051 of the Transportation Code, which provides that: (1) an operator of a vehicle "shall drive on the right half of the roadway," and (2) if the vehicle is being operated "on a roadway having four or more lanes for moving vehicles and providing for two-way movement of vehicles," the operator "may not drive left of the center line of the roadway." *See* Transp. Code § 545.051(a), (c). We believe Wright's affidavit, indicating that Chang crossed over the double yellow lane line, constitutes substantial evidence that Chang violated section 545.051.

In support of his contention that Officer Wright did not have reasonable suspicion to stop him based on a traffic offense, Chang directs this Court to our recent opinion in *Hernandez. See* 983 S.W.2d 867. Hernandez was stopped by an officer who observed him drift briefly over the white line dividing two lanes of traffic traveling in the same direction. We held that a single instance of drifting slightly into the adjacent lane of traffic did not, by itself, provide the officer with reasonable suspicion that a criminal traffic offense had been committed. *See id.* at 871. Our decision was based on an analysis of the statutory provision relevant under those facts, specifically section 545.060(a) of the Transportation Code. Section 545.060(a) requires an operator on a roadway divided into two or more clearly marked lanes to drive "as nearly as practical entirely within a single lane" and to "not move from the lane unless that movement can be made safely." Transp. Code § 545.060(a). We held that a violation of that section occurs only when a vehicle both fails to stay with-

4. DPS also argues that Chang's movement over the yellow line gives rise to a reasonable suspicion that Chang was intoxicated. Because the record supports reasonable sus-

picion of the traffic offense, we need not address whether reasonable suspicion of intoxication also existed.

in its lane and that movement is not safe. *See Hernandez*, 983 S.W.2d at 871. Because the State did not carry its burden of demonstrating that the movement was unsafe, we held that a traffic violation had not been shown. *See id.* at 872.

We find *Hernandez* distinguishable from the present case. Hernandez drifted over the white line adjoining two lanes of traffic flowing the same direction, implicating only section 545.060, while Chang crossed over the yellow line into a lane designated for oncoming traffic, implicating section 545.051. The *Hernandez* opinion addresses only the State's burden of proof in showing reasonable suspicion of a violation of section 545.060; it in no way comments on the burden of showing a violation of section 545.051. Contrary to Chang's urging, under the facts of this case DPS was not required to show that Chang's crossing over the double yellow line was unsafe in order to show that Chang had committed a traffic offense.

Chang correctly points out that the only evidence of a traffic offense presented by DPS at the administrative hearing was Officer Wright's affidavit and accompanying documents. Though minimal, we hold that, in the present context, this documentary evidence satisfies the substantial evidence test to support the reasonableness of the stop. The documents showed Chang was traveling down South Congress Avenue, a road having four or more lanes providing for two-way traffic, and that he failed to drive on the right half of the roadway by driving left of the center yellow line into oncoming traffic. By doing so, Chang gave Officer Wright reasonable suspicion to believe he was violating the traffic laws set out in section 545.051. While it may be true, as Chang argues, that crossing a double yellow line may occasionally be consistent with turning or some other traffic maneuver, the evidence here is such that reasonable minds could have reached the conclusion the ALJ must have reached in order to sustain the suspension of Chang's license. The ALJ's finding that Officer Wright had reasonable suspicion to stop Chang was therefore supported by substantial evidence in the record, and the reviewing court was not permitted to substitute its judgment for that of the ALJ.

## CONCLUSION

Because the record contains substantial evidence to support the ALJ's finding that Officer Wright had reasonable suspicion to stop Chang for a traffic offense, the reviewing court erred when it reversed the administrative decision authorizing the suspension of Chang's driver's license. Accordingly, we reverse the reviewing court's order and render judgment upholding the administrative decision.