**Opinion filed December 17, 2009**



# In The

# Eleventh Court of Appeals

_____

## No. 11-08-00103-CR
_____

## MERLIN McKINNLEY PETIT, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-34,686**

## MEMORANDUM OPINION

The jury convicted appellant, Merlin McKinnley Petit, of possession of a controlled substance (cocaine). After making affirmative findings on the State's enhancement allegations, the trial court assessed appellant's sentence at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of thirty-three years. Appellant challenges his conviction in a single issue. He contends that the trial court erred in denying his motion to suppress the physical evidence seized from him by police officers. We affirm.

*Background Facts*

In the early morning hours of August 27, 2007, Officer Alexandro Jurado of the Odessa Police Department was working as a patrol officer assigned to a department program referred to as "PD Stat." He described the program as an effort to concentrate on problem areas in the city. He and his partner were assigned to work motels located around the intersection of "Parkway and 80" to concentrate on activities involving narcotics and other crimes.

At approximately 1:30 a.m., Officer Jurado observed appellant walk across the middle portion of Parkway Street into the parking lot of the Quality Inn. Officer Jurado initiated a stop of appellant based upon this observation. In this regard, Officer Jurado testified that appellant committed a violation of the traffic code by crossing in the middle of the roadway rather than at the intersection of the road. *See* TEX. TRANSP. CODE ANN. § 552.005(b) (Vernon 1999). Officer Jurado observed that appellant was clenching something in his hand upon encountering him and that he started making movements with his hands toward his waistband. Officer Jurado attempted to frisk appellant to determine the item being held in his hand, but appellant refused. Officer Jurado then placed appellant in handcuffs in order to conduct a protective search. Officers subsequently found a baggie containing white rocks in appellant's hand.

*Standard of Review*

A trial court's denial of a motion to suppress is reviewed for an abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). We use a bifurcated standard of review in analyzing the trial court's ruling. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). When a trial court's fact findings are based on an evaluation of witness credibility or demeanor, almost total deference is given to its factual determinations that are supported by the record. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). However, on mixed questions of law and fact that do not turn on the trial court's evaluation of witness credibility and demeanor, we conduct a de novo review. *Amador*, 221 S.W.3d at 673. When, as here, no findings of fact were requested or filed, we review the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported by the record. *See State v. Ross*, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000).

2

*Analysis*

In a single issue, appellant argues that the record does not establish that the police officers had a sufficient basis for stopping him as he walked across the street into the motel parking lot. Specifically, he contends that the State did not establish a violation of Section 552.005(b) because "[t]he record is devoid of any mention as to whether or not the intersection of Highway 80 and Parkway had traffic signals in operation." In this regard, that statute provides as follows: "Between adjacent intersections at which traffic control signals are in operation, a pedestrian may cross only in a marked crosswalk."

The initial burden of proof on a motion to suppress evidence on the basis of a Fourth Amendment violation rests with the defendant. *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986). The defendant meets this burden by demonstrating that the search or seizure occurred without a warrant. *Torres*, 182 S.W.3d at 902; *Russell*, 717 S.W.2d at 9. Thereafter, the burden shifts to the State to prove the reasonableness of the warrantless search. *Torres*, 182 S.W.3d at 902; *Russell*, 717 S.W.2d at 9-10.

The trial court conducted a pretrial hearing on appellant's motion to suppress. Ordinarily, we would only consider evidence adduced at the suppression hearing in determining whether a trial court's decision on a motion to suppress is supported by the record because the trial court's ruling was based on it rather than evidence presented later at trial. *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996). However, where, as in this cause, the suppression issue has been consensually re-litigated by the parties during the trial on the merits, we may also consider relevant trial evidence in our review.[1] *Id*. Therefore, in reviewing the trial court's ruling on appellant's motion to suppress, we will consider the evidence adduced at the suppression hearing and relevant trial evidence.

Under *Terry v. Ohio*, 392 U.S. 1 (1968), the police can stop and briefly detain a person for investigative purposes if they have a reasonable suspicion supported by articulable facts that criminal activity may be afoot. *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (citing *Terry*, 392 U.S. at 30).

---

[1]Appellant has directed the bulk of the record references in his brief to the reporter's record from the trial rather than the reporter's record from the pretrial suppression hearing.

Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005). This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id*. at 492. Because reasonable suspicion is an objective determination, the officer's motives for conducting the stop are irrelevant to the validity of the stop. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). Whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion is a legal question that we review de novo. *See Madden v. State*, 242 S.W.3d 504, 517 (Tex. Crim. App. 2007).

It has long been true that a violation of the traffic code can constitute a reasonable basis for a detention. *Whren v. United States*, 517 U.S. 806, 810 (1996). If an officer has a reasonable basis for suspecting a person has committed a traffic offense, the officer may legally initiate a stop. *See Tex. Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.); *Tex. Dep't of Pub. Safety v. Chang*, 994 S.W.2d 875, 877 (Tex. App.—Austin 1999, no pet.). The State is not required to show that a traffic offense was actually committed with absolute certainty in order to show reasonable suspicion. *Garcia*, 43 S.W.3d at 530; *see McQuarters v. State*, 58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref'd); *Fisher*, 56 S.W.3d at 163.

Officer Jurado testified that he observed appellant walking across Parkway in the middle of the block rather than at the intersection. Officer Jurado testified as follows in this regard at trial:

> What happened is we were driving down along the strips and we were in front of John's Steak House right on the service road. I looked up and I looked down Parkway and I saw a subject walking across the street making their way toward the Quality Inn. At that time *I waited for the light to come through*, went through the intersection, came around into the parking lot, at which point we saw the subject, he had gotten a little bit closer to us, and we initiated contact with him (emphasis added).

The emphasized portion of Officer Jurado's above-quoted testimony establishes that the intersection of Parkway and Highway 80 is controlled by traffic signal lights. Furthermore, a video taken from the front dash of Officer Jurado's patrol car was admitted into evidence. The video depicts the presence of signal lights at the intersection of Parkway and Highway 80 as Officer Jurado transported

4

appellant away from the motel parking lot. This evidence refutes appellant's contention that there is no evidence of traffic signal lights at the adjacent intersection.

Based upon our de novo review of the record, we conclude that circumstances existed that allowed Officer Jurado to reasonably conclude that appellant violated Section 552.005(b) of the Transportation Code. Accordingly, the trial court did not abuse its discretion in denying appellant's motion to suppress. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

December 17, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.