ACCEPTED
15-25-00176-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/10/2025 2:53 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/10/2025 2:53:37 PM
CHRISTOPHER A. PRINE
Clerk

**IN THE
15TH COURT OF APPEALS
AUSTIN, TEXAS**

**CAUSE NO. 15-25-00176-CV**

---

**AMPARO STIEFEL**

**Appellant**

**v.**

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION**

**Appellee**

---

**On Appeal from the Texas Health and Human Services Commission
Appeals Division
Cause No. 14-0952-M
EMR No. 069-14**

---

**APPELLANT'S BRIEF**

---

**Donald M. Kaiser Jr.
Tex. State Bar No. 24025466
Dkaiser@attorneysforbusiness.com
Kaiser Legal Solutions, PLLC
5440 Harvest Hill, Suite 201
Dallas, TX 75230
214-441-3000 phone
214-441-3001 fax**

**November 10, 2025**

# LIST OF PARTIES, COUNSEL, AND TRIAL JUDGE

**APPELLANT:**
Amparo Stiefel

**APPELLANT'S ATTORNEYS:**
Donald M. Kaiser Jr.
Tex. State Bar No. 24025466
Dkaiser@AttorneysForBusiness.com
Kaiser Legal Solutions, PLLC
5440 Harvest Hill, Suite 201
Dallas, TX  75230
214-441-3000 (phone)
214-441-3001 (fax)

**APPELLEE:**
Texas Health and Human Services Commission (HHSC)

**APPELLEE'S ATTORNEY:**
Brad Wurster
Texas State Bar No. 24106633
Office of the Texas Attorney General
Administrative Law Division
P.O. Box 12548
Austin, TX  78711-2548
Brad.Wurster@oag.texas.gov
Telephone:  (512) 936-1838
Fax:          (512) 457-4608

**ADMINISTRATIVE LAW JUDGES:**

On the merits:

Appeals Division, Texas Health and Human Services Commission, the Hon. Kristin A. Riker, presiding

On Rehearing:
Appeals Division, Texas Health and Human Services Commission, the Hon. Kristin A. Riker, presiding

**DISTRICT COURT JUDGE:**

On Appeal:
261stJudicial District Court, Travis County, Texas
Daniella Deseta Lyttle, presiding

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES, COUNSEL, and TRIAL JUDGE…......ii

TABLE OF CONTENTS……………………………………….........iii

INDEX OF AUTHORITIES………………………………….....iv

STATUTES AND RULES………………………………………..v

STATEMENT OF THE CASE………………………………......1

ISSUE PRESENTED…………………………..……….........….2

STATEMENT OF FACTS………………………………....……3

SUMMARY OF ARGUMENT…………………………………....6

STANDARD OF REVIEW………………………………………..7

ARGUMENT……………………………………..........….8

    Issue One:
    AGENCY DECISION NOT SUPPORTED BY SUBSTANTIAL
    EVIDENCE………………………………………...................8

    Issue Two:
    DUE PROCESS……………………………………………….9

CONCLUSION AND PRAYER……………………….............18, 20

CERTIFICATES OF SERVICE…………….....................................21

APPENDIX TABLE OF CONTENTS………………………………22

APPELLANT'S BRIEF

# INDEX OF AUTHORITIES

## CASES

*Cadena Comercial USA Corp. v. Texas Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 334 (Tex. 2017)………………………………………….14

*City of Corpus Christi v. Public Util. Comm'n of Tex.*, 51 S.W.3d 231, 262 (Tex. 2001) ………………………………………………………13

*Mosley v. Tex. Health and Human Servs. Comm'n*, 593 W.E 3d 250 (Tex. 2019),…………………………………………....1, 15

*Texas Dep't of Pub. Safety v. Cantu*, 944 S.W.2d 493, 495 (Tex. App.-Houston [14th Dist.] 1997, no writ)……………………………………7

*Tex. Dep't of Pub. Safety v. Chang*, 994 S.W.2d 875, 877 (Tex. App.—Austin 1999, no pet.)…………………………………………………8

APPELLANT'S BRIEF

# STATUTES AND RULES

Texas Human Resources Code §48.002…………………………………..3, 10

Texas Human Resources Code §48.401…………………………………..10

Title 40 Texas Administrative Code §705.105………………………...11, 12

Title 40 Texas Administrative Code §705.1009………………………….12

Title 40 Texas Administrative Code §705.1051………………………….11

Title 40 Texas Administrative Code §705.1507………………….....12

Title 40 Texas Administrative Code §711.1413(4)…………………….14

Title 40 Texas Administrative Code § 711.1429(b)……………………16

Tex. Gov't Code 2001.004…………………………………………..16

## STATEMENT OF THE CASE

This is an appeal from the Final Decision and Order issued May 21, 2015, by Administrative Law Judge Kristin Riker. Judge Riker denied rehearing of the matter on January 17, 2020.

Appellant initially sought Judicial Review wherein the District Court granted a Plea to the Jurisdiction filed by the Agency. That decision was appealed. Several other employees were also affected by the Agency's actions related to post Order instructions regarding appellant rights in the Agency's letters notifying employees of their Final Rulings and Orders.

This case returned to the Administrative Law Judge via the Texas Supreme Court's ruling in *Mosley v. Tex. Health and Human Servs. Comm'n*, 593 W.E 3d 250 (Tex. 2019), which subsequently applied to Appellant and other similarly situated employees.

The Texas Supreme Court found that the agency deprived (with evidence of intent) employees of due process via misrepresentations in the agency's letters regarding Judicial Review. The agency failed to advise employees of the requirement for requesting rehearing prior to seeking Judicial Review found in the Texas Administrative Procedures Act.

This case was remanded by the Court of Appeals, following Mosley, in order to allow Appellant to seek rehearing, which she did, and said rehearing was denied on January 17, 2020.

An action for Judicial review was filed on February 6, 2020, with the 261st Judicial District Court, Travis County, Texas.

On September 17, 2025, the District Court denied Petitioner's review, and affirmed the Administrative Law Judge's decision.

## ISSUE PRESENTED

**I. Issue One:**

     **Agency Decision Not supported by Substantial Evidence.**

     **-Negligence is not neglect.**

**II. Issue Two:**

     **Agency Decision Denies Stiefel Due Process, Exceeds Statutory Authority, and was Made on Unlawful Procedure.**

     -**Failure to provide proper notice.**
     -**Failure to maintain decision database.**

## STATEMENT OF FACTS[1]

The Appellee Texas Department of Family and Protective Services ("DFPS" or the "Agency") seeks to list Appellant and nurse aide Amparo Stiefel on the Employee Misconduct Registry ("EMR") for alleged neglect. , AR 196, Final Decision and Order.

On February 11, 2014, Appellant was employed as a Home Health Aide for Encompass Home Health, a Home and Community Support Services Agency (HCSSA). AR 198, Appellant App. Exhibit 1, Page 4, Para 1.

---

[1] The Transcript of the proceeding was provided as a recording, and not transcribed. A request for the record was made upon the filing of the Appellant's Petition.

APPELLANT'S BRIEF

The Final Order Decision and Order is predicated on the Texas Human Resources Code, Chapter 48. AR 199, Appellant App., Exhibit 1, Page 5, Paragraph 1, and 2.

On February 11, 2014, Appellant was providing care for her patient in the patient's home. Appellant assisted the patient with a shower. Upon leaving the shower, the patient fell and sustained injuries. AR 198, Appellant App., Exhibit 1, Paragraph 8.

The patient requested the shower despite there being a plan of care accessible to Appellant that stated patient was to receive sponge baths. AR 198, Appellant App., Exhibit 1, Paragraph 5-7. Appellant had provided patient with a shower before and was provided a tour of the home and specifically a bathroom specially equipped to shower the patient. AR 198, Appellant App., Exhibit 1, Paragraph 5-7.

The Agency's ignores that the home health agency in charge of care for the patient was aware of Stiefel's actions in showering the patient. AR

The home health agency took no steps to tell Stiefel to do otherwise after she informed them in writing that she showered the patient on the very first visit at the request of the patient's family in the bathroom shower specifically designated and equipped for such purposes by the patient's family. AR, Vol 2, Page 55.

APPELLANT'S BRIEF

In fact, the testimony from the home health agency was that they did not typically review the paperwork from the home health aide out in the field even for a new patient after the first visit. AR, Vol 2, Page 29, 30.

There is no evidence, including but not limited to expert evidence, that such actions constitute negligence by Stiefel. There is no evidence that Stiefel violated any standard of care for a home health nurse aide. In fact, there was no testimony at the hearing about the proper standard of care for a nurse aide in similar situations. Adm Rec. 1, Vol 2.

Amparo Stiefel has been in the medical field for over 40 years (to date), including as a certified nurse aide in Texas since 2004. AR, Vol2, Page 10. She will retire in two years.

Prior to that, Stiefel worked in California as a nurse aide in hospital settings. AR, Vol 2, Page 10. She has continuously worked in home care (both before and after February 2014) and has no issues with any employer. Stiefel has a spotless employment record, no criminal record, and is committed to providing compassionate care to patients in the only profession she has ever known. The Agency is attempting to take away her ability to work in the healthcare field and place her name on a blacklist without proper procedure, without due process, and without evidence constituting negligence.

The Final Decision and Order is based solely on a determination by the administrative law judge that the failure to follow the patient's care plan in giving the patient a shower, at the patient's request, instead of providing a sponge bath was negligent on the part of the Appellant. AR 196, Appellant App, Exhibit 1, Page 5, Paragraphs 9-11.

The Final Decision and Order then equates negligence as found by the Judge with neglect, and summarily concludes that Appellant committed neglect under Texas Human Resources Code, Chapter 48. AR 196, Appellant App., Exhibit 1.

## SUMMARY OF THE ARGUMENT

The Court should reverse the Final Decision and Order of the Administrative Law Judge for the following reasons:

1. The Decision is not supported by the substantial evidence as there is a complete lack of any evidence that failure to follow a plan of care constitutes negligence, or negligence per se. Appellant gave the patient a shower at the patient's request, in a specially equipped shower, and an accident occurred.

2. Negligence is not neglect. The statutory provisions cited in the Final Decision and Order or either incorrect or no longer the law.

APPELLANT'S BRIEF

3.  Appellant was denied due process via improper notice of the her right to the investigative file and the refusal of the agency to produce same until less then two weeks before the hearing.

4.  Appellant was denied due process by the failure of the agency to follow its own rules, specifically the maintenance of a order, opinion, and precedent, database.

## STANDARD OF REVIEW

The standard of judicial review of state agency action is set forth in Section 2001.174 of the Administrative Procedure Act (APA). See *Texas Dep't of Pub. Safety v. Cantu*, 944 S.W.2d 493, 495 (Tex. App.-Houston [14th Dist.] 1997, no writ). The APA provides, in pertinent part, as follows:

A court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

    (A) in violation of a constitutional or statutory provision;
    (B) in excess of the agency's statutory authority;
    (C) made through unlawful procedure;
    (D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The reviewing court may not substitute its judgment for the ALJ's judgment on the weight of the evidence. The court's role is to determine whether the ALJ's decision is supported by substantial evidence, which is more than a scintilla but may be less than a preponderance of the evidence. *Tex. Dep't of Pub. Safety v. Chang*, 994 S.W.2d 875, 877 (Tex. App.—Austin 1999, no pet.).

## ARGUMENT AND AUTHORITIES

**Issue One:**

**-Agency Decision not supported by Substantial Evidence.**

The evidence in this case goes directly against Appellant failing to provide any services to the patient. See definition of "neglect" below. In fact, Appellant provided services to the patient by providing her a shower at the patient's request. There is no evidence in the record that Appellant withheld services, ignored the patient, failed to provide for the patients' needs or requests, or otherwise neglected her duties.

The Final Decision and Order is based on a finding of negligence solely due to the Appellant's failure to follow a care plan by providing patient with a shower, at the patient's request, rather than a sponge bath.

However, there was no qualified witness brought forth by the agency to testify as to whether Appellant's actions were "negligent" what the standard of care would be, or as to the failure to follow a care plan as per se "negligent".

Further, Appellant told her agency (Encompass), that she showered the patient on the first visit, and was never verbally advised that she was not allowed to assist the patient with a shower other than having sponge bath listed in the plan of care.

The substantial evidence in this case is in favor of Appellant actually providing goods and services, including medical services, to the patient. The Agency may argue that Appellant did not adequately provide the services, or failed to meet a duty in providing the services, but there is no evidence that Appellant failed to provide anything to the patient, not one scintilla.

As a result, the finding of neglect by the Judge is not reasonably supported by substantial evidence considering the reliable and probative

evidence in the record as a whole and the finding of neglect in this case should be reversed.

Accidents happen, and even if there were evidence to support a standard of care that was not met in this case, which there is not, negligence may still occur without a caretaker committing neglect.

**-Negligence is not neglect.**

Texas Human Resources Code §48.002, "Neglect" is defined as follows:

(4) "Neglect" means the failure to provide for one's self the goods or services, including medical services, which are necessary to avoid physical or emotional harm or pain or the failure of a caretaker to provide such goods or services. THRC §48.002.

"Reportable Conduct" is defined as:

(5) "Reportable conduct" includes:

(A) abuse or neglect that causes or may cause death or harm to an individual receiving agency services;

(B) sexual abuse of an individual receiving agency services;

(C) financial exploitation of an individual receiving agency services in an amount of $25 or more; and

(D) emotional, verbal, or psychological abuse that causes harm to an individual receiving agency services.

THRC §48.401.

The Texas Administrative Code provides,

"neglect is defined as the failure to provide for oneself the goods or services, including medical services, which are necessary to avoid physical or emotional harm or pain or the failure of a caretaker to provide such goods or services." 40 TAC §705.105.

The purpose of Chapter 705, Adult Protective Services, Subchapter O, is to implement Texas Human Resources Code Chapter 48. 40 TAC §705.1051.

Subchapter O, further provides:

(a) Reportable conduct as defined in Texas Human Resources Code, § 48.401, includes:

(1) abuse or neglect that causes or may cause death or harm to an alleged victim or client;

(2) sexual abuse of an alleged victim or client;

(3) financial exploitation of an alleged victim or client in an amount of $25 or more; and

(4) emotional, verbal, or psychological abuse that causes harm to an alleged victim or client.

(b) For purposes of subsection (a) of this section, the terms abuse, neglect, sexual abuse, and financial exploitation have the meanings provided in Subchapter A of this chapter (relating to Definitions). 40 TAC §705.1507.

The above provisions do not implicate or reference negligence as part of the definition of neglect for purposes of Chapter 48 of the Texas Human Recourses Code.

While the Final Decision and Order references 40 TAC §705.1009, that provision appears to no longer be in effect and replaced by 40 TAC §705.105. Where there was an initial inconsistency between Chapter 48 and the TAC, the legislature has clearly acted to square the two together by changing the TAC to directly cite the definition of neglect found in Chapter 48 of the THRC.

The legislature has clarified that for purposes of Texas Human Resources Code Chapter 48, negligence is no longer included in the definition of neglect at 40 TAC §705.105.

Because the administrative law Judge wrongfully applied an inconsistent definition of neglect found at former 40 TAC §705.1009, now

supplanted and clarified by 40 TAC §705.105, the Judge incorrectly equated negligence with neglect in this case without further consideration of the facts.

Appellant provided services, and never withheld or failed to provide services **(which is expressly not neglect under the code(s)).** The fact that an accident happened during the provision of the services, even if found negligent (which was not proven in this case[2]) does not per se constitute neglect.

The administrative law Judge's decision in that regarding should be reversed as in violation of a constitutional or statutory provision, in excess of the agency's statutory authority, made through unlawful procedure, and/or not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole;

**Issue Two:  Failure of Due Process**

**A.    Investigative File not timely provided.**

Due process protections extend to proceedings conducted before an administrative agency. See *City of Corpus Christi v. Public Util. Comm'n of Tex.*, 51 S.W.3d 231, 262 (Tex. 2001) ("This Court has held that in administrative proceedings, due process requires that parties be accorded a

---

[2]  Again, the negligence finding is effectively based on a determination, with no supporting evidence, that failing to follow a care plan is "per se" negligent and therefore neglect. Negligence was never otherwise proven as a caretaker can neglect to follow a care plan and at the same time not be negligent.

full and fair hearing on disputed fact issues. At a minimum, it requires that the 'rudiments of fair play' be observed." (citations omitted)); see also *Cadena Comercial USA Corp. v. Texas Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 334 (Tex. 2017).

The rudiments of fair play by statute include access to the investigative file leading to the notice of finding and intent to report Appellant in the EMR. See requirement of notice in 40 TAC §711.1413(4).

On August 4, 2014, Appellant received the Notice of Finding and Intent to Report Name to the EMR. Adm Rec, Page 30.

40 TAC §711.1413 required that Ms. Stiefel be provided with an explanation of how to obtain the investigative record. 40 TAC §711.1413(4).

The Notice Letter stated that Ms. Stiefel would receive a copy of the report upon request. Appellant's counsel requested the investigative record on September 19, 2014, December 5, 2014, and April 10, 2015. Adm Rec. Pages 23-41.

The investigative file was not produced to the Appellant until April 29, 2025, less than two (2) weeks prior to the hearing in this case. Despite the legal requirement that Ms. Stiefel be provided with same upon request.

Appellant did not get the investigative record until April 29, 2015, just 13 days before the hearing and five days prior to pre-hearing documents and witness lists being due for the hearing.

Appellant was deprived of the rudiments of fair play and due process by the intentional withholding of the investigative file until less then two weeks prior to the hearing despite the request for same being issued immediately upon the filing of the request for the EMR hearing.

Appellant was deprived of reviewing the evidence against her in terms of the contents of the investigative file, and what was not included in the investigative file.

The withholding of the investigative file until the eve of the hearing violated Appellants due process rights. The Notice Letter on its face failed to meet the requirements of the statute requiring access to the investigative file. The violation of due process is fatal to this case and ten (10) years later the threat of ending Appellant's career remains.

It should be noted that the but for the intervention of the Texas Supreme Court in *Mosley*, Appellant's due process rights would have already been violated via the wrongful dismissal of her previous appeal to the District Court. Mosley suggested that the violations were intentional to deprive Appellants of rights, or trick them into missteps in the procedural

process to preserve appellate rights. *Mosley v. Tex. Health and Human Servs. Comm'n*, 593 W.E 3d 250 (Tex. 2019). Here, the agency has no good argument for delay access to the investigative file for over eight (8) months prior the hearing of this case, and therefore it must be concluded the violation of the law was intentional.

This case should be dismissed as being in conducted in a unlawful procedure and in violation of the constitutional rights of the Appellant.

**B.     Requirement for index, cross-index, final orders, decisions, and opinions.**

Agency rules specifically contemplate that the Commissioner of the Agency will maintain an Index of Hearing Orders in EMR cases. 40 T.A.C. § 711.1429(b) provides:

> The Commissioner may designate a Hearing Order to be published in an Index of Hearing Orders that are deemed to have precedential authority for guiding future decisions and DFPS policy. A Hearing Order must be edited to remove all personal identifying information before publication in the Index of Hearing Orders.

The Agency has failed to maintain any Index of Hearing Orders that is available to the public or even an individual like Stiefel who is involved in

an EMR case who faces a lifetime ban and listing on the Employee Misconduct Registry.

Tex. Gov't Code 2001.004 also requires state agencies to make available for public inspection all final orders, decisions, and opinions:

In addition to other requirements under law, a state agency shall:

(1) adopt rules of practice stating the nature and requirements of all available formal and informal procedures;

(2) index, cross-index to statute, and make available for public inspection all rules and other written statements of policy or interpretations that are prepared, adopted, or used by the agency in discharging its functions; and

(3) index, cross-index to statute, and make available for public inspection all final orders, decisions, and opinions.

(emphasis added)

The Agency refuses to designate any prior agency decisions as having precedential value or maintain a hearing index of decisions of administrative law judges, as specifically contemplated by statute and Agency rules. The result is that the only individuals with access to previous administrative law judge decisions (or any decisions related to motions for rehearing that were filed) in EMR cases are apparently Agency employees or attorneys.

Therefore, every decision by an administrative law judge does not take into account the statutory interpretation of the administrative law judges over the many years since the EMR statute was enacted. There is no case law precedent, despite over a decade of EMR hearings. The Agency makes sure that employees like Stiefel facing loss of the ability to work in their chosen field and blacklisting on the EMR lack the information about the process and are refused access to prior case law decisions.

In fact, it is impossible for an individual like Appellant to obtain any guidance whatsoever related to hearing orders issued in other cases, because the Agency claims these contain confidential information and refuses to redact per its Rules.[3]

Despite the Agency's specific Rule that contemplates redacting personal information before publication in an Index of Hearing Orders, the Agency does not maintain any Index. Yet another violation of due process and/or the rudiments of fair play.

The Agency has not (or will not) make any hearing order available and has not (or will not) designate any Order as having precedential value.

---

[3] Counsel for Stiefel was stonewalled at many levels at the Agency when trying to locate this non-existent database of redacted decisions.

APPELLANT'S BRIEF

## CONCLUSION

The Agency decision in this case is not supported by substantial evidence and the agency denied Appellant due process. The Agency is committed to pushing through an unfair process to an unfair result, while ignoring its own rules and the law and refusing employees affected by the EMR law access to information and documents, including agency decisions and the investigative files in their own cases.

Employees like Appellant who appeal agency determinations are not allowed to review any prior agency decisions in EMR cases, despite the fact that the law requires agencies to make such decisions available.

Each administrative law judge is given complete discretion to interpret the statutes in a vacuum and apparently not rely on any prior agency decisions or authority. Although the law specifically contemplates and requires that the Agency maintain a database of prior hearing decisions, the database simply does not exist for the employees or those appealing the Agency decisions.

Generally, these workers, like Appellant, work day and night for low wages providing direct care to the most vulnerable elderly patients at their homes, including cleaning, feeding, and other basic daily living tasks.

Stiefel has been doing this work for over 30 years, and it is the only type of work she has ever done. It is not just a "job" to her, but a calling.

Appellant may have made a mistake, but she did no neglect her patient. She gave her a bath at the patient's request, just as she had done on a prior visit. Giving a patient a shower is not a failure of caretaker to provide the goods or services, including medical services. Appellant provided what the patient requested in order to provide good care to her patient and an accident happened.

Appellant's care giving was not neglect. It was the provision of services with an unfortunate accident. One accident or mistake in a forty a (40) year career should not result in the end with the black listing of Appellant on the precipice of retirement based on the record before this Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant requests that Appellant's point of error be sustained, and for such and further relief to which Appellant may be entitled.

APPELLANT'S BRIEF

Respectfully submitted,

**Kaiser Legal Solutions, PLLC**

/s/ Donald M. Kaiser Jr.
**Donald M. Kaiser Jr.**
Texas State Bar No:  24025466

5440 Harvest Hill Rd. Suite 201
Dallas, TX  75230
Telephone:  (214) 441-3000
Fax:          (214) 441-3001

**ATTORNEYS FOR APPELLANT**

**<u>CERTIFICATE OF SERVICE</u>**

This certifies that a true and correct copy of Amended Appellant's Brief has been served upon counsel of record for Appellee on this 10th day of November, 2025, as follows:


Brad Wurster
Texas State Bar No. 24106633
Office of the Texas Attorney General
Administrative Law Division
P.O. Box 12548
Austin, TX  78711-2548
Brad.Wurster@oag.texas.gov
Telephone:  (512) 936-1838
Fax:          (512) 457-4608

/s/ Donald M. Kaiser Jr.
Donald M. Kaiser Jr.

**APPENDIX TABLE OF CONTENTS**

Exhibit 1                     Final Decision and Order

Exhibit 2                     Order on Motion for Rehearing

Exhibit 3                     Order on Petition for Judicial Review

APPELLANT'S BRIEF



RECEIVED

MAY 2 6 2015

Kaiser Sacco

TEXAS HEALTH AND HUMAN SERVICES COMMISSION

KYLE L. JANEK, M.D.
EXECUTIVE COMMISSIONER

May 21, 2015

*Ellen Cook Sacco*
Kaiser ♦ Sacco PLLC
1431 Greenway Drive, Suite 615
Irving, Texas 775038

**CERTIFIED MAIL – 7014 2120 0003 8567 3645**
**RETURN RECEIPT REQUESTED**

Cynthia Schmidt
Dept. of Family and Protective Services
P.O. Box 149030, **MC: Y-956**
Austin, TX 78714-9030

**VIA EMAIL**

**RE:  Amparo Stiefel vs Texas Department of Family and Protective Services,
Cause No. 14-0952-M [DFPS #EMR 069-14]**

Dear Ms. Sacco and Ms. Schmidt:

Enclosed is the final decision on the hearing you requested in regard to the above referenced case.  The Texas Administrative Code at 40 T.A.C. § 711.1431 provides, in pertinent part, as follows:

(a) To request judicial review of a Hearing Order, the employee must file a petition for judicial review in a Travis County district court, as provided by Government Code, Chapter 2001, Subchapter G.

(b) The petition must be filed with the court no later than the 30th day after the date the Hearing Order becomes final, which is the date that the Hearing Order is received by the employee.

(c) Judicial review by the court is under the substantial evidence rule, as provided by Government Code, Chapter 2001, Subchapter G.

(d) Unless notice of petition for judicial review is served on PRS within 45 days after the date on which the Hearing Order is mailed to the employee, PRS will submit the employee's name for inclusion in the Employee Misconduct Registry. If valid service is received after the employee's name has been recorded in the registry, PRS will immediately request that the employee's name be removed from the registry pending the outcome of the judicial review.

**EXHIBIT 1**

P. O. Box 13247   •   Austin, Texas  78711   •   4900 North Lamar, Austin, Texas   78751   •   (512) 424-6500

Your only recourse at this point, should you wish to challenge this decision, is to file such a suit. Service of process should be made on Mr. John Specia, Jr., Commissioner of the Texas Department of Family and Protective Services, 701 W. 51st Street, Austin, Texas 78751.

If you have any further questions, you may reach me at (512) 231-5738.

Sincerely,

Kristin A. Riker
Administrative Law Judge
HHSC Appeals Division

KAR:kc


c:      James Williams

        Amparo Stiefel                    **CERTIFIED MAIL – 7014 2120 0003 8567 3652**
        4212 Vincent Ter                  **RETURN RECEIPT REQUESTED**
        Haltom City, Texas 76137          **AND BY REGULAR U.S. MAIL**

# APPEALS DIVISION
## TEXAS HEALTH AND HUMAN SERVICES COMMISSION
## AUSTIN, TEXAS

| | | |
|---|---|---|
| AMPARO STIEFEL, | § | |
| PETITIONER | § | |
| | § | |
| VS. | § | CAUSE NO. 14-0952-M |
| | § | EMR NO. 069-14 |
| TEXAS DEPARTMENT OF FAMILY | § | |
| AND PROTECTIVE SERVICES, | § | |
| RESPONDENT | § | |

## FINAL DECISION AND ORDER

## I. INTRODUCTION

On August 4, 2014, the Texas Department of Family and Protective Services (DFPS) notified Amparo Stiefel (Petitioner) of its determination that Petitioner had committed acts that were reportable conduct as defined in title 40, chapter 711 of the Texas Administrative Code. DFPS also notified Petitioner that her name would become part of the Employee Misconduct Registry (EMR) maintained by the Texas Department of Aging and Disability Services (DADS) unless Petitioner appealed the determination. Petitioner submitted a request for a hearing, which DFPS received on August 25, 2014. Based on the evidence admitted at the hearing, the Administrative Law Judge (ALJ) recommends that the determination be sustained.

## II. JURISDICTION, NOTICE, AND PROCEDURAL HISTORY

There are no contested issues of notice, jurisdiction, or venue in this proceeding. Therefore, those matters are set forth in the Findings of Fact and Conclusions of Law without further discussion here. On May 12, 2015, ALJ Kristin Riker, Appeals Division, Texas Health and Human Services Commission, convened a live hearing in Arlington, Texas. Petitioner appeared represented by her attorney Ellen Cook Sacco. Cynthia Schmidt, EMR Attorney, represented DFPS.

## III. APPLICABLE LAW

Pursuant to chapter 48, subchapter I of the Texas Human Resources Code, if an employee of a Home and Community Support Services Agency (HCSSA) commits reportable conduct, as further defined by DFPS rules, DFPS is required to refer that person's name to DADS for placement on the EMR. The relevant DFPS rules are generally codified at title 40, chapter 705 and chapter 711 of the Texas Administrative Code (TAC).

"Neglect" is defined in 40 TAC § 705.1009 as

1

In this chapter, when the alleged perpetrator is an alleged victim/perpetrator, neglect is defined as the failure of one's self to provide the protections, food, shelter, or care necessary to avoid emotional harm of physical injury.

(a) In this chapter, when an alleged perpetrator is a caretaker or paid caretaker, neglect is defined as:
    (1) the failure to provide the protection, food, shelter, or care necessary to avoid emotional harm or physical injury; or
    (2) a negligent act or omission that caused or may have caused emotional harm, physical injury, or death.

"Reportable conduct" is defined in 40 TAC § 711.1408 as

(a) Reportable conduct is defined in § 48.401, Human Resources Code, as:
    (1) abuse or neglect that causes or may cause death or harm to an individual receiving agency services;
    (2) sexual abuse of an individual receiving agency services;
    (3) financial exploitation of an individual receiving agency services in an amount of $25 or more; and
    (4) emotional, verbal, or psychological abuse that causes harm to an individual receiving agency services.

(b) For purposes of subsection (a) of this section, the terms abuse, neglect, sexual abuse, and financial exploitation have the meanings provided in § 711.1404 of this title (relating to How are the terms physical abuse, sexual abuse, emotional or verbal abuse, neglect and financial exploitation defined for In-home investigations?) and § 711.1406 of this title (relating to How are the terms abuse, neglect, and financial exploitation defined for Facility investigations?), depending upon the type of agency for which the employee worked.

(c) For purposes of subsection (a)(1) of this section the term harm means:
    (1) a significant injury or risk of significant injury, including a fracture, dislocation of any joint, internal injury, a contusion larger than 2 and ½ inches, concussion, second or third degree burn, or any laceration requiring sutures;
    (2) an adverse health effect that results or is at risk of resulting from failure to receive medications in the amounts or at the times prescribed; or
    (3) any other harm or risk of harm that warranted, or would reasonably be expected to have warranted, medical treatment or hospitalization.

## IV. ANALYSIS

The issue in this case is whether Petitioner committed neglect, and if so, whether it constituted reportable conduct. Neglect requires a failure to provide the protection, food, shelter or care necessary to avoid emotional harm or physical injury, or a negligent act or omission that caused or may have caused emotional harm, physical injury, or death.

On February 11, 2014, Petitioner was employed by Encompass Home Health (Encompass), a Home and Community Support Services Agency (HCSSA) as a home health aide. Petitioner was responsible for caring for TR, an 84-year old woman receiving services from Encompass Home Health whose diagnoses included Chronic Kidney Disease, Abnormality of Gait and Alzheimer's Disease.

TR had a care plan in place that had been developed by medical professionals based on their evaluation of TR's physical condition and capabilities. Home health aides were required to follow this care plan when they visited TR. The home health aides, including Petitioner, had access to the care plan on electronic tablets provided by Encompass and could refer to it during visits with TR. If TR asked the home health aides to deviate from the care plan, the aides were required to contact TR's case manager, a nurse, or someone at the Encompass office to get permission to deviate from the plan. TR's care plan indicated that she was required to receive a partial sponge bath during every home health aide visit.

On February 11, 2014, Petitioner made a visit to TR's home. This was the third time Petitioner had made a visit to TR's home. Petitioner brought an electronic tablet to the home and was able to pull up TR's care plan for reference. TR asked Petitioner to give her a shower. Despite the instructions on the care plan, Petitioner gave TR a shower rather than the required sponge bath. Petitioner did not contact TR's case manager, a nurse, or anyone at Encompass prior to deviating from the care plan. After bathing, Petitioner assisted TR in getting out of the shower. TR's leg gave out and she fell to the ground, catching her left foot on a shower bench in the process. TR was taken to the emergency room where it was discovered that she had suffered fractures to multiple bones in her left foot.

Petitioner asserts that she was not negligent in giving TR a shower instead of a *sponge bath* because she had failed to follow the care plan during her first visit with TR on January 30, 2014. However, there was no evidence that anyone at Encompass was aware that Petitioner had deviated from the care plan on her first visit with TR or that anyone at Encompass had given her permission to do so. Petitioner also asserts that she was confused by the care plan. However, the preponderance of the evidence showed that the care plan made clear what Petitioner was required to do and, if she was confused, it was her responsibility to contact someone at Encompass to clarify the plan. Petitioner failed to ask for any assistance.

The preponderance of the evidence showed that Petitioner failed to follow the care plan that was established for TR by medical professionals and, in doing so, failed to protect TR from physical injury. Petitioner's act in giving TR a shower instead of a sponge bath despite specific instructions to the contrary, caused TR to fall and sustain a physical injury. Therefore, Petitioner committed neglect.

To constitute reportable conduct, Petitioner's neglect must be such as to cause, or that may have caused, (1) a significant injury or risk of significant injury; or (2) any other harm, or risk of harm, warranting or reasonably expected to warrant, medical treatment. As a result of her fall, TR suffered a fractured left foot for which she received medical treatment. Accordingly, Petitioner's neglect was reportable conduct.

3

# V. FINDINGS OF FACT

1. On February 11, 2014, Petitioner was employed as a Home Health Aide for Encompass Home Health (Encompass), a Home and Community Support Services Agency (HCSSA). TR was an 84-year old female receiving services from Encompass. TR's diagnoses included Chronic Kidney Disease, Abnormal Gait and Alzheimer's disease.

2. TR had a care plan in place which indicated that she was to receive a partial sponge bath at every home health aide visit. The care plan was put together by medical professionals and listed the services the home health aides were required to provide to TR during visits.

3. TR's care plan could be accessed and viewed via an electronic tablet that was given to the home health aides by Encompass.

4. If a client requested something that was different from what was specified in the care plan, home health aides were required to contact the client's case manager, a nurse or someone at the Encompass office to request permission to deviate from the plan.

5. On February 11, 2014, Petitioner was assigned to provide services to TR. Petitioner had access to TR's care plan on the tablet she was given by Encompass.

6. Petitioner had been to TR's home twice prior to her visit on February 11, 2014. Petitioner had given TR a shower the first time she visited on January 30, 2014, and a sponge bath the second time she visited on February 4, 2014.

7. When Petitioner arrived at TR's home on February 11, 2014, TR requested that Petitioner give her a shower instead of a sponge bath.

8. On February 11, 2014, Petitioner gave TR a shower instead of a sponge bath. Petitioner did not contact TR's case manager, a nurse or anyone at Encompass prior to giving TR a shower.

9. When the shower was over, Petitioner assisted TR in getting out of the shower. TR's leg gave out and she fell and hit her foot on a shower bench.

10. TR's daughter-in-law was contacted and she transported TR to the emergency room. TR sustained a fracture of her left foot and was treated at North Hills Hospital.

# VI. CONCLUSIONS OF LAW

1. DFPS has jurisdiction over this matter pursuant to Texas Human Resources Code, chapter 48.

4

2. The ALJ has jurisdiction over matters related to the hearing in this proceeding, including the authority to issue a decision with findings of fact and conclusions of law, pursuant to section 48.405 of the Texas Human Resources Code.

3. Petitioner timely requested an appeal hearing.

4. DFPS and the ALJ issued timely notice of the hearing.

5. DFPS has the burden of proving, by a preponderance of the evidence that Petitioner (1) committed neglect; and (2) this neglect constituted reportable conduct within the meaning of 40 TAC § 711.1408.

6. On February 11, 2014, TR was an elderly and disabled individual receiving services from Encompass Home Health (Encompass), a Home and Community Support Services Agency (HCSSA).

7. On February 11, 2014, Petitioner was a paid caretaker employed by Encompass.

8. On February 11, 2014, Petitioner was responsible for providing services to TR.

9. DFPS established by a preponderance of the evidence that Petitioner committed neglect when she failed to follow TR's care plan by giving her a shower instead of a sponge bath.

10. Petitioner's neglect resulted in TR falling to the floor and suffering a fractured foot which required medical treatment.

11. The evidence supports the conclusion that Petitioner committed neglect that was reportable conduct.

12. Petitioner's name and information should be forwarded to the Department of Aging and Disability Services to be added to the Employee Misconduct Registry.

## ORDER

**IT IS THEREFORE ORDERED** that the determination of the Department of Family and Protective Services (DFPS) that Petitioner committed neglect that constituted reportable conduct **BE SUSTAINED.**

Signed this 2/St day of May, 2015

Kristin Riker
Administrative Law Judge
Appeals Division
Texas Health and Human Services Commission

5

 **TEXAS**
Health and Human
Services

 
January 17, 2020

RECEIVED
JAN 23 2020
Kaiser Sacco

Ellen Cook Sacco
Kaiser ♦ Sacco PLLC
2900 E. Lamar Blvd
Arlington, Texas 76006

**CERTIFIED MAIL NO. 7018 1830 0000 5680 7842**
**RETURN RECEIPT REQUESTED**

**RE: Amparo Stiefel vs Texas Department of Family and Protective Services,**
**Cause No. 14-0952-M [DFPS #EMR 069-14]**

Dear Ms. Sacco:

Enclosed, please find an Order in the above referenced matter.

If you have any further questions, you may reach me at (512) 231-5729.

Sincerely,

Kristin Riker
Administrative Law Judge
HHSC Appeals Division

KR:kc
Enclosure

**EXHIBIT 2**

| | | |
|---|---|---|
| AMPARO STIEFEL, | § | |
| PETITIONER | § | |
| | § | |
| VS. | § | CAUSE NO. 14-0952-M |
| | § | EMR NO. 069-14 |
| TEXAS DEPARTMENT OF FAMILY | § | |
| AND PROTECTIVE SERVICES, | § | |
| RESPONDENT | § | |

## ORDER ON MOTION FOR REHEARING

Petitioner's Motion for Rehearing mailed on December 19, 2019, is DENIED.

Entered this 17th day of January, 2020.

_Kristin A. Riker_
Kristin A. Riker
Administrative Law Judge
Appeals Division
Texas Health and Human Services Commission

CAUSE NO. D-1-GN-20-000724

| | | |
|---|---|---|
| AMPARO STIEFEL, | § | IN THE DISTRICT COURT OF |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION, | § | |
| | § | |
| Respondent. | § | |
| | § | 261ST JUDICIAL DISTRICT |

## ORDER ON PETITION FOR JUDICIAL REVIEW

On this day, the Court heard the Petition for Judicial Review filed in this cause on February 6, 2020. Pursuant to Texas Government Code section 2001.175, subdivision (e), the Court conducted the requested review.

After considering a certified copy of the entire agency record of the proceeding under review and arguments of counsel, the Court FINDS that the Commission's May 21, 2015 Final Decision and Order is reasonably supported by substantial evidence and, therefore, is hereby AFFIRMED in whole.

All reliefs sought by Petitioner are DENIED.

All other relief not specifically granted is DENIED.

SIGNED on September 17, 2025.

_____
DANIELLA DESETA LYTTLE
Judge Presiding, 261st District Court

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donald Kaiser, Jr. on behalf of Donald Kaiser, Jr.
Bar No. 24025466
dkaiser@attorneysforbusiness.com
Envelope ID: 107872716
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Appellant's Brief
Status as of 11/10/2025 3:00 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brad Wurster | | Brad.Wurster@oag.texas.org | 11/10/2025 2:53:37 PM | NOT SENT |
| Donald M.Kaiser, Jr. | | dkaiser@attorneysforbusiness.com | 11/10/2025 2:53:37 PM | NOT SENT |